UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

NELSON A. MURRAY,

                             Plaintiff,        MEMORANDUM OPINION
v.                                         AND ORDER

                                                    17-cv-9121 (PMH)

MATTHEW DUTCAVICH, et al.,

                             Defendants.
---------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      The essence of this action centers on Plaintiff's allegation that Defendants discriminated against Plaintiff on the basis of his race. On September 25, 2019, Judge Karas ruled on Defendants' motion to dismiss the Complaint and dismissed, *inter alia*, Plaintiff's individual disparate treatment claim under Title VII of the Civil Rights Act of 1964 because "Plaintiff fail[ed] to identify any comparators at all, let alone any comparator employee in the Department who was disciplined or otherwise treated differently than [Plaintiff] was under similar circumstances," and therefore, "Plaintiff fail[ed] to allege disparate treatment that could plausibly support an inference of racial discrimination." (Doc. 47, "Op. & Order," at 18). On October 9, 2019, Plaintiff moved for reconsideration of Judge Karas's dismissal of the individual disparate treatment claim for relief. (Doc. 52). On April 16, 2020, this action was reassigned to me. For the reasons set forth below, the motion for reconsideration is DENIED.

## STANDARD OF REVIEW

      "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing *In*

*re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a reconsideration] motion is strict."). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST*, 597 F. Supp. 2d at 365 (quoting *Davidson v. Scully,* 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citing *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). Furthermore, "courts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge." *Pub. Employees Ret. Ass'n of New Mexico v. PricewaterhouseCoopers LLP*, 305 F. App'x 742, 744 (2d Cir. 2009) (quoting *Ali v. Mukasey, 5*29 F.3d 478, 490 (2d Cir. 2008)).

## ANALYSIS

Generally, motions for reconsideration should be denied absent extraordinary circumstances. Reconsideration may be appropriate when a court overlooks controlling law or facts pled before it; and, if considered, might reasonably have altered the result. Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided.

The underlying decision by Judge Karas addressed the arguments advanced by Plaintiff's reconsideration motion. Indeed, with respect to the use of statistics, Plaintiff's *de minimis* argument in the underlying motion concerning the use of statistics was:

> Plaintiff has included these allegations to illustrate the pattern and practice of discrimination that is statistically documented in the Executive's Report. *See, Ste. Marie v. E. R. Ass'n*, 650 F.2d 395, 397 (2d Cir.1981). They also provide context for Mr. Murray's hostile work environment claim in which he alleges that discrimination was *pervasive*, and they are probative of the 'policy and custom' alleged for municipal liability under Section 1983.

(Doc. 43, "Pl. Opp'n" at 43). Indeed, the Court considered, and rejected, Plaintiff's argument:

> Plaintiff has clarified that, as to the allegations in the Amended Complaint regarding hiring, overtime, and promotions, he included [those] allegations to illustrate the pattern and practice of discrimination that is statistically documented in the [2013 Analysis] and because they provide context for [Plaintiff's] hostile work environment claim. The Court therefore does not construe Plaintiff's (counseled) allegations as including a disparate treatment claim based on discriminatory hiring, overtime, and promotions. Rather, as Defendants state, without opposition, Plaintiff's disparate treatment claims are . . . explained as only involving his termination. . . . To the extent Plaintiff relies on the 2013 Analysis showing racial imbalances in the County workforce, and in particular imbalances in minority hiring and promotions, the cited statistics are not alleged to indicate racial imbalances in employee *discipline*. Moreover, generic allegation[s] of disparate treatment related to an unspecified class of Caucasian persons is simply not sufficient. (internal citations and quotations omitted).

Op. & Order at 20 n.11, 23.

Clearly, the Court gave serious consideration to all of the "anecdotal proof" that Plaintiff referenced, including statistics, and the alleged failure of Defendant Dutchess County to follow its own discipline policies. *See* Op. & Order at 11–15. The Court simply found that, given all of the proof offered, Plaintiff failed to allege disparate treatment in connection with his termination that could plausibly support an inference of racial discrimination. *See Ruiz v. Cty. of Rockland*, 609 F.3d 486, 495 (2d Cir. 2010).

It is not possible for this Court to conclude that Judge Karas overlooked or misapprehended facts or law identified in Plaintiff's reconsideration motion. Indeed, Plaintiff is simply attempting to reframe his earlier argument and/or advance new arguments to supplant his failed arguments. Reconsideration is not meant, as Plaintiff would have it, to permit such

3

reexamination or re-litigation without more than a passing reference to what a court overlooked or misapplied.

In addition, and while not dispositive, it is hard to ignore the fact that the Court dismissed Plaintiff's disparate treatment claim without prejudice; and gave Plaintiff 30 days to amend his Complaint "to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider." *See* Op. & Order at 34. Rather than take advantage of the opportunity to replead, Plaintiff chose to pursue reconsideration.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration is denied. The Clerk is instructed to terminate the motion. (Doc. 52).

Dated: New York, New York  
       June 18, 2020

**SO ORDERED.**

_____  
Philip M. Halpern  
United States District Judge