UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON A. MURRAY,

                Plaintiff,

DUTCHESS COUNTY EXECUTIVE
BRANCH, et al.,

                Defendants.

**<u>ORDER</u>**

17-CV-09121 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court held a pre-motion conference on June 2, 2021 to address Plaintiff's anticipated motion to file a Second Amended Complaint and the parties' request to extend discovery deadlines. The Court reached the following conclusions on the record:

<u>First</u>, the Court construed Plaintiff's pre-motion conference request as the motion to amend his pleading. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (upholding construction of pre-motion letter as motion). The Complaint in this matter was first filed on November 21, 2017. (Doc. 1). Plaintiff attempted to file his First Amended Complaint approximately eight months later, on July 31, 2018 and August 3, 2018, but the Clerk of the Court rejected those filings as deficient. (*See* Doc. 11; Doc. 12; Aug. 1, 2018 Entry; Aug. 6, 2018 Entry). Plaintiff corrected the deficiencies and filed the First Amended Complaint properly on October 26, 2018. (Doc. 18). The parties thereafter engaged in motion practice and, on September 25, 2019, Judge Karas issued an Opinion & Order dismissing the First Amended Complaint in part and granting Plaintiff leave to file a Second Amended Complaint within thirty days of that decision. (Doc. 47 at 34). Shortly thereafter, Plaintiff sought reconsideration of the Opinion & Order. (Doc. 52). While that motion was pending, Plaintiff sought—and Judge Karas granted—an extension allowing him to file the Second Amended Complaint on or before January 23, 2020. (Doc. 61).

Plaintiff did not file a Second Amended Complaint by that date. This matter was transferred to this Court on April 16, 2020, and, on June 18, 2020, Plaintiff's reconsideration motion was denied. (Apr. 16, 2020 Entry; Doc. 69).

Following resolution of the motion for reconsideration, on August 3, 2020, the Court entered a Civil Case Discovery Plan and Scheduling Order that instructed, "Any motion to amend or joint additional parties shall be field by October 8, 2020." (Doc. 78 ¶ 3). Approximately four months later, on December 16, 2020, the Court entered an Amended Civil Case Discovery Plan and Scheduling Order that extended the time within which to move to amend or join additional parties to March 16, 2021. (Doc. 87 ¶ 3).

Although Plaintiff focused on the propriety of moving to file the Second Amended Complaint under Federal Rule of Civil Procedure 15, the first hurdle facing the application is that the motion is being made *after* the deadline set by the Amended Civil Case Discovery Plan and Scheduling Order. According to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." As embodied by the chronology outlined above, Plaintiff did not offer good cause to extend further the deadline for making a motion to amend the First Amended Complaint. The motion is, accordingly, denied.

Second, in light of the parties' representations about their earnest attempts at mediation and settlement, the parties are granted one final extension of time within which to complete discovery. All fact discovery shall be complete on or before August 31, 2021, and expert discovery shall be complete on or before November 1, 2021. Should the parties seek additional information following fact depositions, they are directed to confer with each other informally and in good faith.

The parties will appear telephonically for a Final Case Management Conference on November 3, 2021 at 10:30 a.m. At the time of that conference, all parties shall call: (888) 398-2342; access code: 3456831.

The Case Management Conference scheduled previously for July 21, 2021 is cancelled.

**SO ORDERED:**

Dated:   White Plains, New York
         June 2, 2021

_____
PHILIP M. HALPERN
United States District Judge